```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
DOMINIKA WOJDAT,                     :
                                     :
        Plaintiff,                   :
                                     :           19-cv-10339 (JSR)
        -v-                          :
                                     :
P3 GLOBAL MANAGEMENT, INC. and EYSA  :           MEMORANDUM ORDER
USA HOLDING, INC.,                   :
                                     :
        Defendants.                  :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On September 16, 2019, plaintiff Dominika Wojdat brought the instant action against defendant EYSA USA Holding, Inc. ("EYSA") and its wholly-owned subsidiary P3 Global Management, Inc. ("P3") in the Supreme Court of the State of New York, after defendants terminated Wojdat's employment. Complaint, ECF No. 1, Ex. B ("Complaint") ¶¶ 25-29. Wojdat alleges four separate causes of action: (1) wrongful termination in violation of NYC Admin. Code § 8-107(1)(a)(2); (2) wrongful termination in violation of NYC Exec. Law § 296(1)(a); (3) wrongful termination in violation of the Family and Medical Leave Act ("FMLA"), specifically 29 U.S.C. § 2615(a); and (4) intentional infliction of emotional distress. Id. ¶¶ 30-42.

On November 6, 2019, P3 removed the case from state court to this Court.[1] ECF No. 1. On November 19, 2019, P3 submitted an answer and counterclaim. ECF No. 9.

Now before the Court is Wojdat's motion to remand the case to state court and to recover attorneys' fees incurred as a result of defendants' allegedly improper removal. ECF No. 11-1. For the reasons set forth below, the Court denies the motion in its entirety.

## Analysis

The removing party "bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).[2] However, Wojdat's motion to remand borders on the frivolous.

**I. Whether the case should be remanded to state court**

The FMLA claim can be filed in federal or state court. See 29 U.S.C. § 2617(a)(2). Contrary to Wojdat's view, the FMLA's grant of concurrent jurisdiction does not affect defendants' statutory right to remove the FMLA claim to federal court. The text of the removal statute provides for removal of federal question cases unless Congress has "expressly" precluded

---

[1] EYSA had not been served by November 6, 2019, and it did not object to this removal. ECF No. 1 ¶ 8.

[2] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

2

removal, which is not the case here given the FMLA's grant of concurrent jurisdiction. See 28 U.S.C. § 1441. Therefore, the Court has federal question jurisdiction over plaintiff's third cause of action and is compelled to exercise it. See, e.g., Gibson v. New York State Office of Mental Health, 372 F. Supp. 3d 23, 28 (N.D.N.Y. 2019) (denying a motion to remand on similar grounds) ; Ennis v. City Holding Co., No. 2:12-cv-3956 (TEJ), 2012 WL 6651925, at *1-3 (S.D. W. Va. Dec. 20, 2012) (same); see also Deakins v. Monaghan, 484 U.S. 193, 203 (1988) ("The federal courts have a virtually unflagging obligation to exercise their jurisdiction" when it exists.).

The Court may also exercise supplemental jurisdiction over the remaining state law claims, because those claims are "so related to the [FMLA claim over which this Court has] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The first, second, and fourth causes of action share the same underlying facts with the FMLA claim, so there is no reason for the Court to abstain from exercising supplemental jurisdiction.

## II. Whether plaintiff's attorneys' fees should be awarded

Since Wojdat's motion for remand is entirely without merit, it has no basis for attorney legal fees from defendants.

### Conclusion

3

For the reasons set forth above, the Court denies Wojdat's motion in its entirety. The Clerk is directed to close the entry at docket number 11.

SO ORDERED.

Dated: New York, NY
December 16, 2019

JED S. RAKOFF, U.S.D.J.